# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                          **Case Nos. 15-CR-115, 15-CR-137**

**TODD A. DYER,**

    **Defendant.**

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION, MOTION TO REMOVE RESTRAINT ON COMMUNICATION, AND MOTION TO TRAVEL

Dyer has three cases pending before the Court. In Case No. 15-CR-115, Dyer is charged with 31 counts arising from a scheme to defraud potential investors in a farmland property purchasing enterprise. (Docket # 1.) In Case No. 15-CR-137, Dyer was indicted on two counts relating to a scheme to defraud an individual out of $250,000. (Docket # 1.) Dyer was also recently indicted in Case No. 16-CR-100 and was charged with 13 counts, including new fraud counts, witness tampering, and violating the July 16, 2015 order to have no contact with the members of the Joan B. family. (Docket # 1.) Case Nos. 15-CR-115 and 15-CR-137 have been designated as complex. In Case No. 15-CR-115, trial before the Honorable J. P. Stadtmueller is scheduled for December 5, 2016. Trial is not yet scheduled before the Honorable Lynn Adelman in Case No. 15-CR-137.

Before me are Todd A. Dyer's motion to reconsider my May 17, 2016 Order denying his request to travel to California (Docket # 90 in 15-CR-115; Docket # 53 in 15-CR-137), motion to remove restraint on communication between Dyer and co-defendants (Docket # 92 in 15-CR-115), and motion to travel to Chicago to meet with an attorney (Docket # 99 in 15-CR-115).

On July 16, 2015, I held an arraignment and plea hearing in Case No. 15-CR-115 and set the following conditions of release relevant here: (1) Dyer's travel was restricted to the Eastern District of Wisconsin; (2) because of an on-going federal investigation, Dyer was to have no contact with members of the Joan B. family; (3) Dyer was prohibited from accepting new clients and from handling investments on behalf of others; and (4) Dyer was prohibited from using the internet for criminal or fraudulent activity. (Docket # 23.)

Dyer previously filed a motion requesting permission to travel to Palm Springs, California, to meet with Michael Cheley and assist Cheley in his work on a business called "Income Stream Exchange" ("ISXC"). (Docket # 80 at 1-2 in Case No. 15-CR-115.) I denied the motion on May 17, 2016. (Docket # 85 in 15-CR-115; Docket # 48 in 15-CR-137.) Dyer has now filed a motion asking me to reconsider his travel to California. Dyer has included with his motion multiple exhibits that I had not previously reviewed in considering his travel request. After considering his arguments and reviewing the new exhibits, for the reasons previously stated in my order dated May 17, 2016, I respectfully decline to reconsider my order denying Dyer's request to travel to California.

Dyer has also filed a motion to remove the condition set on August 31, 2015 (Docket # 39) that Dyer have no contact with his co-defendants in Case No. 15-CR-115. The government opposes Dyer's motion. In light of the new indictment where Dyer is charged with witness tampering (Counts 11 and 12, Docket # 1 in Case No. 16–CR-100), this condition remains appropriate. I am mindful, however, that Dyer is representing himself and argues that he needs to contact his co-defendants for purposes of trial preparation. This order does not prohibit Dyer from contacting his co-defendants' attorneys for purposes of trial preparation. If Dyer wishes to interview the co-defendants as witnesses,

contact should be made through counsel of record. Dyer should not contact his co-defendants directly.

Finally, Dyer has filed a motion to travel to Chicago to meet with an attorney at the offices of Johnson and Bell Law to discuss a potential lawsuit related to the indictment in Case No. 15-CR-115 (the farmland indictment). The government opposes this request to travel. Having considered the government's objection and Dyer's stated reasons for the request to travel, I will grant Dyer's request if Dyer can provide Pretrial Services with verification of an appointment with an attorney at Johnson and Bell Law—including the specific date and time of the meeting and the name of the attorney Dyer is meeting with. I note that in the July 16, 2015 order, I had not ordered Dyer to report to Pretrial Services. However, to effectuate his request to travel out of district and in light of the allegations in the new indictment, I now amend my order to require Dyer to report to Pretrial Services as directed.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 14th day of July, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge