UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|                                                                                                  |                        |
|--------------------------------------------------------------------------------------------------|------------------------|
| UNITED STATES OF AMERICA,                                                                        |                        |
| Plaintiff,                                                                                       | Case No. 15-CR-115-JPS |
| v.                                                                                               |                        |
| TODD A. DYER,<br>NICHOLAS C. HINDMAN, SR., and<br>MELVIN E. KRUMDICK,                            | ORDER                  |
| Defendants.                                                                                      |                        |

Before the Court are two rulings from Magistrate Judge Jones. The first is Magistrate Jones' October 28, 2016 Report and Recommendation on motions to dismiss filed by Defendants Nicholas Hindman ("Hindman") and Melvin Krumdick ("Krumdick"), and a motion to modify and narrow the indictment filed by the government. (Docket #150). The second is Magistrate Jones' October 28, 2016 order denying Hindman's and Krumdick's motions to sever. (Docket #151). For the reasons stated below, both rulings will be adopted in full.

First, the Report and Recommendation will be adopted because no objections to it have been filed. In his Report and Recommendation, Magistrate Jones found that the government's motion to modify and narrow the indictment was mooted by the filing of a superseding indictment in this case. (Docket #150 at 4). Likewise, Magistrate Jones concluded that Hindman's and Krumdick's motions were largely mooted by the superseding indictment, since it remedied the alleged deficiencies in the original indictment. *Id.* at 5. Moreover, to the extent the motions to dismiss were not wholly mooted by the superseding indictment, Magistrate Jones recommended that they be denied on their merits, reasoning that Defendants

asked the Court to be overly technical in its assessment of the validity of the indictment. *Id.*

In his Report and Recommendation, the Magistrate noted that any objections to his findings and recommendations were to be filed no later than fourteen days from issuance thereof. *Id.* at 6; *see also* 28 U.S.C. § 636(b)(1)(B) and (C); Fed. R. Crim. P. 59(b); Gen. L. R. 72(c). That deadline was November 11, 2016. Although the parties filed objections to Magistrate Jones' order denying their motions to sever, they failed to raise any objection to any of his findings or conclusions in his Report and Recommendation issued on the same date. The Court, having reviewed the report and recommendation and having received no objections thereto, will adopt it in full.

Second, the Court will overrule Hindman and Krumdick's objections to the magistrate's order denying their motions to sever. On September 21, 2016, these two Defendants both filed motions to sever their trials from that of their *pro se* co-defendant, Todd Dyer ("Dyer"). (Docket #120 and #124). The arguments raised in each motion were nearly identical. Both argued that severance was appropriate under Federal Rule of Criminal Procedure 14 because trying all counts in the same trial would cause them unfair prejudice.

On October 28, 2016, Magistrate Jones issued an order denying both motions. (Docket #151). In the order, the magistrate noted that courts enjoy discretion to order separate trials of counts if it appears that the joinder of offenses would prejudice a defendant. Fed. R. Crim. P. 14. However, a defendant seeking severance must make "a strong showing of prejudice." *United States v. Moya-Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). The Supreme Court has explained that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury

from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Magistrate Jones analyzed the four circumstances in which severance is usually appropriate: "(1) conflicting and irreconcilable defenses; (2) a massive, complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants." *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993). Both Hindman and Krumdick complained that there is a vast amount of evidence in this case, most of it relating to Dyer, which the jury will unfairly consider against them. (Docket #150 at 4–5). Further, both Defendants are afraid that Dyer will make inflammatory and damaging statements at trial that they will not have an opportunity to rebut through cross-examination. *Id.* As the magistrate perceived it, Defendants raised the following concerns: (1) potential violations of *Bruton v. United States*, 391 U.S. 123 (1968); (2) mutually antagonistic defenses; and (3) the complexity and disparity of evidence. *Id.* at 5.

Magistrate Jones rejected each argument. First, he noted that Dyer's *pro se* status did not give Hindman and Krumdick an automatic right to sever. *Id.* at 5–6; *United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985). Instead, courts can minimize and remediate possible prejudice resulting from a *pro se* co-defendant by appointing standby counsel, warning the *pro se* defendant regarding his conduct and statements at trial, and instructing the jury at several stages of the proceeding. *Oglesby*, 764 F.2d at 1276. Krumdick and Hindman contended that those measures would be insufficient to avoid unfair prejudice in this case, but the magistrate found that "their arguments

amount to speculation and are therefore not grounds to support severance." (Docket #150 at 6.)

The magistrate also rejected Defendants' allegation that failure to sever would result in a *Bruton* violation. In that case, the Supreme Court held that admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify, and therefore cannot be cross examined, violates a defendant's Sixth Amendment right to confrontation. *Bruton*, 391 U.S. at 127–28. Krumdick and Hindman failed to specify what co-defendant statement or confession might implicate *Bruton* and the Confrontation Clause. (Docket #150 at 6). Magistrate Jones found their *Bruton* allegations premature since, prior to trial, it cannot be known "whether any inculpatory statements exist, whether these co-defendants will testify at trial, and whether the statements were made in furtherance of the charged conspiracy." *Id.*

Third, Magistrate Jones found unavailing Defendants' argument that there were mutually antagonistic defenses at play which warranted severance. This situation arises "where acceptance of one defendant's position precludes the acquittal of the other defendant." *United States v. Turk*, 870 F.2d 1304, 1306 (7th Cir. 1989). However, "[s]imple blame-shifting," standing alone, does not support severance. *United States v. Goines*, 988 F.2d 750, 781 (7th Cir. 1993). And even if mutually antagonistic defenses exist, the defendant seeking severance must still demonstrate "prejudice to a specific right." *United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001). As with their other arguments, here the magistrate found that Defendants' overbroad assertions of possible prejudice fell short of identifying the specific right in danger and the specific manner in which prejudice would arise. (Docket #150 at 7).

Lastly, Magistrate Jones denied the motion for severance on the ground that the evidence is too complex and there is a disparate amount of evidence against Krumdick and Hindman as opposed to Dyer. Even if such a disparity exists, the magistrate reasoned, "other less dramatic alternatives [than severance] should first be explored." *Id.* at 7–8 (citing *United States v. Papia*, 560 F.2d 827, 837 (7th Cir. 1977)). Such alternatives include limiting instructions from the court, which are particularly effective when one considers the presumption that juries will follow the instructions given to them to consider each defendant separately and will view the evidence through that lens. *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). The generalized fear of "spill-over guilt," expressed by Hindman and Krumdick, was inadequate to demonstrate to the magistrate that severance was appropriate, especially since limiting instructions or other measures might mitigate possible prejudice. (Docket #150 at 8) (citing *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993)). In sum, noting that "[t]here is a strong preference that co-conspirators be jointly tried, particularly when they were indicted together," *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009), Judge Jones concluded that Hindman and Krumdick's "speculative claims of harm" were insufficient to overcome that presumption and support severance, (Docket #150 at 9).

On November 10, 2016, Krumdick filed an objection to the magistrate's order. (Docket #159). The next day, Hindman filed a similar objection. (Docket #160). The government filed a response to the objections on November 19, 2016. (Docket #168). Federal Rule of Criminal Procedure 59(a) governs the district court's review of a magistrate judge's ruling on a non-dispositive matter, such as Defendants' motions to sever. Parties have fourteen days to file "specific written objections" to a magistrate judge's non-

dispositive pretrial order. Fed. R. Crim. P. 59(a). When reviewing the magistrate's order, the Court is obliged to analyze any timely objections and must "modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

The Court finds nothing raised in Defendants' objections warranting reversal of the magistrate's order. In their objections, Defendants largely rehash the arguments previously made. First, they contend that because the vast bulk of the evidence is directed at Dyer, not them, the jury will undoubtedly and unfairly consider that evidence in determining Hindman and Krumdick's guilt. (Docket #159 at 1); (Docket #160 at 2–3). Second, Defendants argue that Dyer's *pro se* status and his "history of inflammatory and unpredictable statements" shows that he will make prejudicial statements during trial. (Docket #159 at 2–4); (Docket #160 at 1–2). Third, Defendants point to statements Dyer has made in pretrial emails in an effort to show that the admission of such statements at trial will constitute *Bruton* violations. (Docket #159 at 2–4); (Docket #160 at 2).

Defendants' concerns are, as the Court found, mere speculation which, even if they come to fruition, are better addressed by curative measures taken at trial. Assuming that the evidence at trial will be sparser with respect to Hindman and Krumdick, Defendants do not show how limiting instructions or other measures will fail to allay their concerns. Granted, Defendants do not believe such instructions will work, but their unilateral belief does not convince the Court that harsher curative measures, such as severance, are warranted. *Alviar*, 573 F.3d at 539 ("In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.'") (quoting *United States v. Velasquez*, 772

Page 6 of 9

Case 2:15-cr-00115-JPS   Filed 11/29/16   Page 6 of 9   Document 179

F.2d 1348, 1352 (7th Cir. 1985)). Defendants' supposition about the inadequacy of the Court's instructions fails to overcome the presumption that the jury will follow those instructions. *Stillo*, 57 F.3d at 557.

Next, Hindman and Krumdick have not shown that Dyer's behavior and *pro se* status meaningfully endanger their right to a fair trial. In support of severance, Defendants rely on the word "we" in a single email to support the notion that Dyer will try to impermissibly link himself to his co-defendants, thereby depriving the jury of the ability to fairly distinguish the three of them in their deliberations. The Court finds this little better than conjecture, and no basis on which to overturn the magistrate's ruling. Moreover, in consideration of Dyer's *pro se* status, as suggested by the Seventh Circuit in *Oglesby*, 764 F.2d at 1276, the Court has appointed standby counsel for Dyer. This, coupled with the instructions the Court will give regarding Dyer's *pro se* status, will minimize possible prejudice to Krumdick and Hindman resulting from Dyer's choice to proceed without counsel.

Finally, although Defendants identify several alleged admissions to be found in Dyer's pretrial emails, the mere existence of the emails does not adequately raise the possibility of *Bruton* violations at trial. Magistrate Jones reasoned that Defendants failed to address "whether any inculpatory statements exist, whether these co-defendants will testify at trial, and whether the statements were made in furtherance of the charged conspiracy." (Docket #150 at 6). Defendants do not explain how the emails they submitted in their objections would, if admitted, constitute *Bruton* violations. The matter is not as clear-cut as Defendants suppose; the Seventh Circuit takes a narrow view as to those materials which so directly inculpate a co-defendant as to raise *Bruton* concerns. *See United States v. Souffront*, 338 F.3d 809, 829–30 (7th Cir. 2003). Furthermore, assuming Defendants have

provided evidence that inculpatory statements made by Dyer against his co-defendants exist, the potential for a *Bruton* violation is still uncertain. Whether Dyer will testify remains to be seen, as well as whether these statements will qualify for admission into evidence and, if so, what steps might be taken to avoid a possible *Bruton* violation. *See id.* (detailing methods by which a *Bruton* violation may be avoided, including redactions and limiting instructions). In short, like the magistrate, this Court concludes that Defendants' requested pretrial ruling on *Bruton* concerns is premature in light of the mere conjecture they marshal in support.

The magistrate's order denying Hindman and Krumdick's motions to sever was neither clearly erroneous nor contrary to law. The objections to it will, therefore, be overruled in their entirety.[1]

Accordingly,

IT IS ORDERED that Magistrate Judge David E. Jones' Report and Recommendation (Docket #150) be and the same is hereby ADOPTED;

IT IS FURTHER ORDERED that the government's motion to modify and narrow the indictment (Docket #114) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that Defendant Melvin Krumdick's motion to dismiss (Docket #116) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Defendant Nicholas Hindman's motion to dismiss (Docket #121) be and the same is hereby DENIED;

---

[1] The Court will also deny as moot the government's motion to consolidate this case with another case pending before another branch of the Court. (Docket #101). The government filed a notice withdrawing that motion, (Docket #113), and the Court formalizes that withdrawal in this order.

IT IS FURTHER ORDERED that Defendant Melvin Krumdick's objection to Magistrate Judge David E. Jones' order on his motion to sever (Docket #159) be and the same is hereby OVERRULED;

IT IS FURTHER ORDERED that Defendant Nicholas Hindman's objection to Magistrate Judge David E. Jones' order on his motion to sever (Docket #160) be and the same is hereby OVERRULED; and

IT IS FURTHER ORDERED that the government's motion to consolidate this matter with another pending case in this District (Docket #101) be and the same is hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge