# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TODD A. DYER,

      Defendant.

Case No. 15-CR-115-1-JPS

**ORDER**

**1. INTRODUCTION**

This case is before the Court on Defendant Todd A. Dyer's ("Dyer") motion for grand jury transcripts, (Docket #318), motion seeking relief from the Court's earlier ruling on his Section 2255 motion, (Docket #320), motion to supplement his motion for relief, (Docket #325), second motion to supplement his motion for relief, (Docket #326), and third motion to supplement his motion for relief, (Docket #328). For the reasons explained below, the Court will deny all of Dyer's motions.

**2. BACKGROUND**

 **2.1 Case No. 15-CR-115-1-JPS and Case No. 19-CV-1694-JPS**

In December 2017, in the present case, 15-CR-115-1-JPS, Dyer voluntarily pleaded guilty to multiple felony counts relating to his farmland fraud scheme. (Docket #198, #199, #202, #205). On March 8, 2017, this Court sentenced Dyer to 180 months in prison and entered a judgment. (Docket #229, #231 #232). Dyer appealed his conviction, and the Court of Appeals for the Seventh Circuit affirmed the judgment on August 31, 2018. (Docket #279).

While his criminal case was on appeal, Dyer filed a motion for a copy of grand jury transcripts. (Docket #272). The Court denied the motion, noting, among other things, that Dyer had not explained which transcripts were missing and that there was no evidence that the Government failed to fulfill its obligation to provide relevant grand jury materials before trial. (Docket #275).

In March 2019, after the Seventh Circuit affirmed the judgment, Dyer filed another motion for grand jury transcripts. (Docket #285). The Court also denied that motion, noting, among other things, that at the time of trial, there was no indication that the Government did not comply with its obligations, that Dyer's motion was based on speculation, and that it would be imprudent to require the Government to send Dyer information given his ongoing harassment of victims. (Docket #294). Dyer appealed that decision. (Docket #295).

On November 18, 2019, Dyer filed a motion to vacate his conviction under 28 U.S.C. § 2255. *See Dyer v. United States*, No. 19-CV-1694-JPS, 2020 WL 2042777 (E.D. Wis. Apr. 28, 2020), *certificate of appealability denied*, No. 19-2208, 2020 WL 6491590 (7th Cir. July 29, 2020). On April 28, 2020, this Court issued a comprehensive order denying that motion and denying a certificate of appealability. *Id.* Dyer then requested a certificate of appealability in the court of appeals.

On July 29, 2020, the court of appeals issued an order (1) denying Dyer's request for a certificate of appealability regarding denial of his Section 2255 motion, and (2) in light of the denial of his Section 2255 motion, remanding Dyer's request for grand jury transcripts with instructions that it be dismissed as moot. (Docket #310, #311).

### 2.2 Case No. 19-CV-1319-PP

Following his convictions in this case and in Case No. 16-CR-100-PP, Dyer sent several letters from prison to the victims of his fraud schemes—victims who cooperated with the Government in its investigation and prosecution of Dyer and to whom Dyer owes hundreds of thousands of dollars in court-ordered restitution. In those letters, Dyer demanded that the victims comply with his "terms" or face lawsuits. When the victims did not comply, Dyer followed up by initiating lawsuits against them in Illinois and Wisconsin.

To protect these victims from Dyer's harassment, the Government initiated a civil action against Dyer pursuant to 18 U.S.C. §§ 1514 and 3771. *See United States v. Dyer*, Case No. 19-CV-1319-PP (E.D. Wis.). On October 2, 2019, Chief U.S. District Court Judge Pamela Pepper granted the Government's request for a temporary restraining order prohibiting Dyer from continuing his lawsuits and further threatening the victims. The case remains pending as the parties await the court's ruling on the Government's request for a final protective order.

### 2.3 Dyer's Present Motions

This case is presently before the Court on Dyer's motion for grand jury transcripts, (Docket #318), motion seeking relief from the Court's earlier ruling on his Section 2255 motion, (Docket #320), motion to supplement his motion for relief, (Docket #325), second motion to supplement his motion for relief, (Docket #326), and third motion to supplement his motion for relief, (Docket #328).

In his motion for grand jury transcripts, Dyer requests ten categories of materials from the grand jury, including,

1. "all court-ordered grand jury transcripts, previously released";
2. "all court-ordered grand jury transcripts, not released";
3. "all grand jury transcript due, pursuant to Jencks, previously released";
4. "all grand jury transcripts due, pursuant to Jencks, not released";
5. "all documents reviewed by the 16-01 Grand Jury";
6. "copies of the grand jury testimony of witnesses and documents which support the allegation that the schemer [sic] ended in August 2012, as alleged in the Original Indictment";
7. "copies of the grand jury testimony of witnesses and documents which support the allegation that the scheme ended in September 2011, as alleged in the Superseding Indictment";
8. "documents presented to the 16-01 Grand Jury";
9. "the term dates of the 16-01 Grand Jury";
10. "the meeting dates of the 16-01 Grand Jury."

(Docket #318 at 15–16).

Dyer speculates that "an examination of those transcripts will reveal facts on which [Dyer] can justify a request to proceed under 28 U.S.C. § 2255." (*Id.* at 2). But Dyer points out that he has not yet filed a second Section 2255 motion. (*Id.*) Dyer further contends that he "has a number of pending and anticipated litigation efforts, including the 19-CV-1319 Temporary Order of Prohibition which require an examination of the October 12, 2016, 15-CR-115 Farmland case grand jury transcripts." (*Id.*)

As to his motion seeking relief from the Court's earlier ruling on his Section 2255 motion, Dyer argues that the Court erred in denying his motion to vacate his sentence. (Docket #320). Dyer purports to bring this motion pursuant to Federal Rule of Civil Procedure 60(b). (*Id.*)

**3. Analysis**

**3.1 Dyer's Motion for Grand Jury Transcripts**

As Dyer notes, he has made several previous requests for grand jury materials based on allegations that they will somehow assist him in overturning his conviction in this case. The Court denied all of those requests. His appeals have been rejected. Nothing material has changed. As the Court previously stated, grand jury materials "are typically afforded a high degree of secrecy absent compelling circumstances." *In the Matter of Grand Jury Proceedings, Special September 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991). Dyer continues to fail to show the Court any reason beyond pure speculation as to what the grand jury transcripts will reveal and how they will assist him in overturning his conviction. Further, as the Court has previously noted, and in light of Dyer's harassment of witnesses, it would be imprudent to reveal any more information about the proceedings than is absolutely necessary.

**3.2 Dyer's Motion Seeking Relief from the Court's Earlier Ruling on His Section 2255 Motion**

Dyer's motion for relief from the Court's ruling on his Section 2255 motion is untimely. The Court issued its decision denying Dyer's motion in April 2020—well over a year ago. More importantly, Dyer already appealed that decision, and the court of appeals denied Dyer a certificate of appealability. (Docket #6). "If [a] petitioner is unhappy with the conclusion reached by the court of appeals, then he must appeal to the next highest

Page 5 of 7
Case 2:15-cr-00115-JPS   Filed 10/18/21   Page 5 of 7   Document 330

court, which is the United States Supreme Court. He cannot simply 'start over' in [the district] court." *Smith v. State of Wisconsin*, No. 05-C-653-C, 2006 WL 3024735, at *1 (W.D. Wis. Sept. 20, 2006) (denying a petitioner's Rule 60(b) motion where the court of appeals had already dismissed his appeal as untimely). Thus, the Court will deny Dyer's motion for relief from the Court's ruling on his Section 2255 motion, (Docket #320). The Court will also deny his accompanying motions to supplement, (Docket #325, #326, #328), as further materials on this matter will not change the Court's analysis.

### 4. CONCLUSION

For the reasons explained above, the Court will deny all of Dyer's pending motions, (Docket #318, #320, #325, #326, #328).

The Court closes with a notice to Dyer: **in the absence of an order from the Seventh Circuit Court of Appeals authorizing the filing of a successive Section 2255 motion, any further filings by Dyer or on his behalf deemed related to further collateral review of his conviction and sentence in this case will be marked "unfiled" and returned by the Clerk of the Court**.

Accordingly,

**IT IS ORDERED** that Defendant Todd A. Dyer's motion for grand jury transcripts, (Docket #318), motion seeking relief from the Court's earlier ruling on his Section 2255 motion, (Docket #320), motion to supplement his motion for relief, (Docket #325), second motion to supplement his motion for relief, (Docket #326), and third motion to supplement his motion for relief, (Docket #328) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that in the absence of an order from the Seventh Circuit Court of Appeals authorizing the filing of a successive Section 2255 motion, any further filings by Dyer or on his behalf deemed related to further collateral review of his conviction and sentence in this case will be marked "unfiled" and returned by the Clerk of the Court.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge